1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  | LEROY DEWITT HUNTER,                          CASE NO. 1:11-cv-00237-GBC (PC)

10 |                         Plaintiff,           ORDER DISMISSING COMPLAINT WITH
   |          v.                                  LEAVE TO AMEND

11 | K. HARRINGTON, et al.,                       (ECF No. 1)

12 |                         Defendants.          FIRST AMENDED COMPLAINT DUE
13 | _____ /         WITHIN THIRTY DAYS

14

15                          **SCREENING ORDER**

16  **I.    PROCEDURAL HISTORY**

17         Plaintiff Leroy Dewitt Hunter ("Plaintiff") is a state prisoner proceeding pro se and

18  in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this

19  action on February 11, 2011 and consented to Magistrate Judge jurisdiction on March 1,

20  2011.  (ECF Nos. 1 & 4.)   No other parties have appeared.

21         Plaintiff's Complaint is now before the Court for screening.  For the reasons set forth

22  below, the Court finds that Plaintiff has failed to state any claims upon which relief may be

23  granted.

    **II.    SCREENING REQUIREMENTS**

24         The Court is required to screen complaints brought by prisoners seeking relief

25  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

26  § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has

27  raised claims that are legally "frivolous or malicious," that fail to state a claim upon which

28

1 relief may be granted, or that seek monetary relief from a defendant who is immune from

2 such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion

3 thereof, that may have been paid, the court shall dismiss the case at any time if the court

4 determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

5 granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

6        A complaint must contain "a short and plain statement of the claim showing that the

7 pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are

8 not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

9 mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949

10 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set

11 forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its

12 face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual

13 allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

14 **III.**   **SUMMARY OF COMPLAINT**

15        Plaintiff alleges violations of his right to due process under the Fourteenth

16 Amendment.  Plaintiff names the following individuals as Defendants: K. Harrington,

17 Warden; M.D. Biter, Warden; T. Artlitz, A.W.; J. Garza, Captain; R. Thomas, CCII; S.

18 Cranmer, CCII; Goree, CCII; T. Yang, CCII; Ursher, CCI; M.A. Hernandez, CCI; Harris,

19 Lieutenant; Jose, Sergeant; Jones, Sergeant; and Alcantar, Correctional Officer.

20        Plaintiff alleges as follows: On April 2, 2010, Kern Valley Defendants and Platt

21 refused to comply with Title 115 Rules.  They would not apply the numerical weights and

22 measures to Plaintiff to drop his security level.  On July 14, 2010, during a classification

23 hearing, Plaintiff was told that Title 15 was not valid and that if he did not like it, he could

24 file an appeal with the prison.

25        Plaintiff seeks monetary compensation and injunctive relief.

26 //

27 ///

28 ///

IV.   **ANALYSIS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

A.   **Due Process Claim**

From the current Complaint, it is difficult for the Court determine what exactly Plaintiff is claiming.[1]  Plaintiff appears to assert that Defendants somehow violated his due process rights, perhaps, during a classification hearing.  Plaintiff states that he was denied services, activities, and programs and that he was "excluded from reduction of time credits, reduction of [his] security level".  (ECF No. 1, p. 3.)  However, Plaintiff fails to describe the hearing at all or any other due process he may have received.  He also fails to state why he was denied the above listed items.  Below is the legal standard relevant to a claim for due process.  Should Plaintiff choose to amend this claim (assuming it is in fact a due process claim), he should keep the following law in mind.

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to prevail on a claim of deprivation of due process, a plaintiff must first establish the existence of a liberty or property interest for which the protection is sought.  See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972). Due process protects against the deprivation of property where there is a legitimate claim

---

[1]  Plaintiff has attached approximately 66 pages of attachments to his Complaint.  Many of the attachments appear to be medically-related.  However, Plaintiff's statement of claims does not refer to any medically-related claims.  As far as the Court can determine, these attachments appear to be unrelated and unnecessary to Plaintiff's allegations.

1  of entitlement to the property.  See Bd. of Regents, 408 U.S. at 577.  Protected property

2  interests are created, and their dimensions are defined, by existing rules that stem from

3  an independent source-such as state law-and which secure certain benefits and support

4  claims of entitlement to those benefits.  See id.

5       Liberty interests can arise both from the Constitution and from state law.  See Hewitt

6  v. Helms, 459 U.S. 460, 466 (1983); Meachum v. Fano, 427 U.S. 215, 224-27 (1976);

7  Smith v. Sumner, 994 F.2d 1401, 1405 (9th Cir. 1993).  In determining whether the

8  Constitution itself protects a liberty interest, the court should consider whether the practice

9  in question "is within the normal limits or range of custody which the conviction has

10  authorized the State to impose."  Wolff, 418 U.S. at 557-58; Smith, 994 F.2d at 1405.

11  Applying this standard, the Supreme Court has concluded that the Constitution itself

12  provides no liberty interest in good-time credits, see Wolff, 418 U.S. at 557; in remaining

13  in the general population, see Sandin v. Conner, 515 U.S. 472, 485-86 (1995); in not losing

14  privileges, see Baxter v. Palmigiano, 425 U.S. 308, 323 (1976); in staying at a particular

15  institution, see Meachum, 427 U.S. at 225-27; or in remaining in a prison in a particular

16  state, see Olim v. Wakinekona, 461 U.S. 238, 245-47 (1983).

17       In determining whether state law confers a liberty interest, the Supreme Court has

18  adopted an approach in which the existence of a liberty interest is determined by focusing

19  on the nature of the deprivation.  See Sandin v. Connor, 515 U.S. 472, 481-84 (1995).  In

20  doing so, the Court has held that state law creates a liberty interest deserving of protection

21  only where the deprivation in question:  (1) restrains the inmate's freedom in a manner not

22  expected from the sentence; and (2) "imposes atypical and significant hardship on the

23  inmate in relation to the ordinary incidents of prison life."  Id. at 483-84.  Prisoners in

24  California have a liberty interest in the procedures used in prison disciplinary hearings

25  where a successful claim would not necessarily shorten the prisoner's sentence.  See

26  Ramirez v. Galaza, 334 F.3d 850, 853, 859 (9th Cir. 2003) (concluding that a due process

27  challenge to a prison disciplinary hearing which did not result in the loss of good-time

28  credits was cognizable under § 1983); see also Wilkinson v. Dotson, 544 U.S. 74, 82

4

(2005) (concluding that claims which did not seek earlier or immediate release from prison were cognizable under § 1983).

As currently pleaded, Plaintiff fails to state a due process claim.  Plaintiff will be given <u>one</u> additional opportunity to amend his complaint.  In his amended complaint, Plaintiff must describe in greater detail his claim including, but not limited to, any notice he received about the hearing, whether he was afforded the opportunity to state his views or have witnesses, why the hearing was held, the outcome of the hearing, the consequences of the hearing, etc.

### B.  <u>Violating Prison Policy</u>

It appears that Plaintiff is alleging that Defendants violated prison policy or regulations through their actions or inactions.  An allegation that a defendant violated a prison policy is not sufficient to state a constitutional claim.  <u>See</u> <u>Gardner v. Howard</u>, 109 F.3d 427, 430 (8th Cir. 1997) (no Section 1983 liability for violation of prison policy)) .  "In order to set forth a claim under 42 U.S.C. § 1983, an inmate must show a violation of his constitutional rights, not merely a violation of prison policy."  <u>Moore v. Schuetzle</u>, 486 F.Supp.2d 969, 989 (D.N.D. 2007).  Accordingly, Plaintiff's allegation that Defendants violated Section 1983 by failing to comply with a prison regulation fails to state a claim upon which relief could be granted.

### C.  <u>Personal Participation and Supervisory Liability</u>

Plaintiff does not attribute any action, unconstitutional or otherwise, to any named Defendant.  Plaintiff may be arguing that all named Defendants are liable for the conduct of their subordinates as none of them were present and, therefore, did not participate in the complained of conduct as currently described by Plaintiff.

Under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights.  <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).  The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer.  <u>Iqbal</u>, 129 S.Ct. at 1949.  "Government officials may not be held liable for the

unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights.  Id. at 1948-49.

When examining the issue of supervisor liability, it is clear that the supervisors are not subject to vicarious liability, but are liable only for their own conduct. Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001); Wesley v. Davis, 333 F.Supp.2d 888, 892 (C.D.Cal. 2004).  In order to establish liability against a supervisor, a plaintiff must allege facts demonstrating (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  Jeffers, 267 F.3d at 915; Wesley, 333 F.Supp.2d at 892.  The sufficient causal connection may be shown by evidence that the supervisor implemented a policy so deficient that the policy itself is a repudiation of constitutional rights.  Wesley, 333 F.Supp.2d at 892 (internal quotations omitted). However, an individual's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement.  Id. (internal quotations omitted).

Supervisor liability under Section 1983 is a form of direct liability.  Munoz v. Kolender, 208 F.Supp.2d 1125, 1149 (S.D.Cal. 2002).  Under direct liability, Plaintiff must show that Defendant breached a duty to him which was the proximate cause of his injury. Id.  "'The requisite causal connection can be established . . . by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson v. Duffy, 588 F.2d 740, 743-744 (9th Cir. 1978)).  However "where the applicable constitutional standard is deliberate indifference, a plaintiff may state a claim for supervisory liability based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by others." Star v. Baca, 633 F.3d 1191, 1196 (9th Cir. 2011).

Plaintiff has not alleged facts demonstrating that any of the named Defendants

personally acted to violate his rights.  Plaintiff must specifically link each Defendant to a
violation of his rights.  Plaintiff shall be given the opportunity to file an amended complaint
curing the deficiencies described by the Court in this order.

## V.    CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon
which relief may be granted.  The Court will provide Plaintiff time to file an amended
complaint to address the potentially correctable deficiencies noted above.  See Noll v.
Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  In his Amended Complaint, Plaintiff must
demonstrate that the alleged incident or incidents resulted in a deprivation of his
constitutional rights.  Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual
matter . . . to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting
Twombly, 550 U.S. at 555).  Plaintiff must also demonstrate that each defendant personally
participated in the deprivation of his rights.  Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it
is not for the purposes of adding new defendants or claims.  Plaintiff should focus the
amended complaint on claims and defendants discussed herein.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint
be complete in itself without reference to any prior pleading.  As a general rule, an
amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55,
57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer
serves any function in the case.  Therefore, in an amended complaint, as in an original
complaint, each claim and the involvement of each defendant must be sufficiently alleged.
The amended complaint should be clearly and boldly titled "First Amended Complaint,"
refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's Complaint is dismissed for failure to state a claim, with leave to file
an amended complaint within thirty (30) days from the date of service of this
order;

7

2.        Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:11-cv-237-GBC (PC); and

3.        If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:    June 10, 2011

UNITED STATES MAGISTRATE JUDGE